IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-16-170-4 |
| | § | |
| MUHAMMAD SHARIQ SIDDIQI | § | |

## MOTION FOR REVOCATION OF DETENTION
## ORDER AND TO SET CONDITIONS OF RELEASE

TO THE HONORABLE GRAY H. MILLER, UNITED STATES DISTRICT JUDGE
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

COMES NOW, MUHAMMAD SHARIQ SIDDIQI, Defendant, through his

attorney of record, and moves this Honorable Court pursuant to 18 U.S.C. § 3145(b),

to revoke the detention order and set conditions of release. In support of this motion,

the Defendant shows the following:

## I.   Case Background

Mr. Siddiqi is charged by indictment with: (1) conspiracy to possess with

intent to distribute a controlled substance; (2) aiding and abetting the smuggling of

goods into the United States; (3) smuggling goods into the United States; (4)

conspiracy to commit money laundering; (5) aiding and abetting possession with

intent to distribute a controlled substance; and (6) conspiracy to commit mail fraud.

1

On or about May 17, 2016, Mr. Siddiqi was arrested at his home in Sugar Land, Texas. (Exhibit B at 165). At the Arraignment and Detention Hearing on May 24, 2016, Magistrate Judge Frances H. Stacy ordered Mr. Siddiqi detained pending trial.  Magistrate Judge Stacy found that Mr. Siddiqi had failed to rebut the statutory presumption of detention set forth in 18 U.S.C. § 3142(e). (Exhibit B at 298).  A copy of the Order of Detention Pending Trial is attached hereto as "Exhibit A" and incorporated herein for all purposes. A copy of the Arraignment and Detention Hearing transcript is attached hereto as "Exhibit B" and incorporated herein for all purposes.

## II.   Legal Standard

Mr. Siddiqi respectfully requests this Court to review the Magistrate Judge's detention order promptly and under a *de novo* standard of review. *See* 18 U.S.C. § 3145(b); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).  Mr. Siddiqi is presumptively entitled to release on bond and moves this Court to revoke the Magistrate Judge's detention order. *See* 18 U.S.C. § 3142. Pursuant to 18 U.S.C. § 3145(b).

In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. *United States v. Salerno*, 481 U.S. 739, 755, 107 S. Ct. 2095, 2105 (1987). To demonstrate Congress' clear preference for the release of most defendants prior to trial, the Bail Reform Act was passed. *See United States*

*v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non-detention."). The Bail Reform Act states that a judicial officer shall order the pretrial release of a person accused of a crime on personal recognizance or an unsecured appearance bond unless release "will not reasonably assure the appearance of the person . . . or will endanger the safety of any other person or the community." *Byrd*, 969 F.2d 106, 109 (emphasis added).

Also in support of preferring pretrial release, *Sellers v. United States* held that pretrial release should only be denied for "the strongest of reasons." 89 S. Ct. 36, 38 (1968). Additionally, in *United States v. Jackson*, the Fifth Circuit concluded that "where [a] defendant has presented considerable evidence of his long-standing ties to the locality in which he faces trial . . . the presumption in § 3142(e) has been rebutted." 845 F.2d 1262, 1266 (5th Cir. 1988). With the overwhelming family and community ties that Mr. Siddiqi demonstrated at the detention hearing, it is difficult to understand the hearing's conclusion that he failed to rebut the presumption under *Jackson*.

Because the law generally favors release, the burden turns to the Government to establish by a preponderance of the evidence that the Defendant, if released, presents an actual risk of flight. *See United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986).  If the Government is able to establish risk of flight, it must then show that

3

there are no conditions or combination of conditions which could be set that would "reasonably assure" defendant's appearance or the safety of the community. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) ("[T]he standard is to reasonably assure appearance, not 'guarantee' appearance, and that detention can be ordered on this ground only if 'no condition or combination of conditions will reasonably assure the appearance.'"). If there is any doubt as to release, it "should be always be resolved in the favor of the defendant." *Herzog v. United States*, 75 S. Ct 349, 351 (1955); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

For the reasons stated above, a reviewing court should consider the two following factors set out in 18 U.S.C. § 3142(g), to properly determine if there are any conditions that would reasonably assure the safety of the community and by a preponderance of the evidence with respect to flight:

(3) the history and characteristics of the person, including:

(a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

(b) whether at the time of the current offense or arrest, the person was on probation, on parole of on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

4

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Because Mr. Siddiqi presented enough evidence at the hearing to invalidate the presumption, the Government then had the burden to prove by a preponderance of the evidence that he was a flight risk or by clear and convincing evidence that he was a danger to the community. *See* 18 U.S.C. §§ 3142(e)(f). The detention order did not address any of the available conditions of release that would have provided reasonable assurance of both appearance and non-dangerousness. Accordingly, Mr. Siddiqi seeks review, pursuant to the Bail Reform Act of 1984, 18 U.S.C.S. §§ 3141-50, and the evidence presented at the detention hearing.  Mr. Siddiqi then requests this Court to find that he is not a flight risk or a danger to the community, and therefore order that he be released on bond pending trial or, in the alternative, be released pursuant to conditions that would reasonably assure this court of his appearance for trial should the court find him to be a flight risk or a danger.

## A. Mr. Siddiqi Rebuts the Presumption of Flight

Magistrate Judge Stacy's Order of Detention Pending Trial does not set forth adequate findings that Mr. Siddiqi poses a flight risk to support his detention pending trial. (*See* Exhibit A at 4). Magistrate Judge Stacy considered the fact that since Mr. Siddiqi is from Pakistan he poses a risk of flight. (Exhibit A at 4).  However, Mr.

Siddiqi's siblings and children are all in the United States, and he has traveled only two times to Pakistan in the last ten years.  (Exhibit B at 173). One of the last instances of travel was to visit his father who is terminally ill. (Exhibit B at 187).

Moreover, nationality does not necessarily indicate a risk of flight. *See United States v. Paterson*, 780 F.2d 883 (10th Cir. 1986); *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990). The fact that a defendant is an alien may be taken into account, but does not by itself "tip the balance either for or against detention." *Townsend*, 897 F.2d 994, quoting *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985).  The mere fact that the Defendant is not a citizen should not override the rest of his life history, "[d]etention determinations must be made individually and in the final analysis, must be based on the evidence which is before the Court regarding the particular defendant." *United States v. Patriarca*, 948 F.2d 789, 794 (1st Cir. 1991), quoting *United States v. Tortora*, 922 F.2d 880, 888 (1st Cir. 1990).

When evaluating whether to detain Mr. Siddiqi, the Magistrate Judge should have considered that Mr. Siddiqi's strong, long-standing ties to the community outweighed any potential risk of flight. *See Jackson*, 845 F.2d at 1266 (holding that long-standing ties to the community rebut the presumption of flight). Evidence of Mr. Siddiqi's family and community ties are found in the Pretrial Services Report, testimony at the hearing, and in the attached character letters.   The evidence showed

that Mr. Siddiqi, his wife, and all seven of his children live in the Houston area. (Exhibit B at 175). Pretrial Services confirmed that his wife and his children are United States citizens, and that he and his wife have lived together with their three youngest children for the last 15 years at their home in Sugar Land, Texas. Mr. Siddiqi's children and friends are here and this has been his home for the last 25 years. (Exhibit B at 204). While only three of his children are biologically his, he raised and treated all the children as if they were equally his own. (Exhibit B at 196). His two daughters, Nyteia and Tanisha Jackson, explained in their testimony that even though Mr. Siddiqi is their stepfather, they see him as their father. (Exhibit B at 195). Mr. Siddiqi's step children refer to him as "Dad". (Exhibit B at 205). Also Mr. Siddiqi emotionally and financially provides for his grandchildren, the same way he provides for his children. (Exhibit B at 197).

Additionally, the attached character letters from family members and friends rebut the presumption of flight. (Exhibit C) Each letter explains how Mr. Siddiqi has made Texas his home, how he is active in his church and community, and how he takes on the responsibility of caring for his family members and employees. These letters further prove that Mr. Siddiqi would not flee the country, because as his son, Justin states in his letter, the success of his gas stations depend on him. Justin's letter also explains that Mr. Siddiqi currently owns three gas stations/convenience stores and

approximately fifteen people are dependent on him for employment. Also, Mr. Siddiqi's decade-long friend and business colleague, Mr. Muhammad Zafar Iqbal, wrote in his character letter that he is willing to co-sign on a bond for Mr. Siddiqi because he has no doubt that he will not flee.

There is also proof to show that while he has had the opportunity to leave this country, he has never tried to do so in the past, thus there is no evidence that he would in the future. (*See* Exhibit B at 164). Mr. Siddiqi has always cooperated with the government and has never had any problems appearing in court in connection with his prior misdemeanor charges. *Id.* He has never tried to flee or hide from authorities. *Id.* There is no evidence of bank accounts, assets, or property outside of the United States. (Exhibit B at 174). Although the detention order states that he owns property worth millions, it should be noted that there are liens on each of the three gas stations.  The Government could not find any plans for future travel, or show any evidence of past travel in which Mr. Siddiqi used an alias name. *Id.* His dedication to his family and business was described by his brother-in-law, Shahi Nadeen, as: he "would rather die here than fly from here." (Exhibit B at 192).

While the Government may believe Mr. Siddiqi has the ability to flee, that is not sufficient to justify detention. *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986). In fact, he has had the opportunity to flee this country since this investigation began,

but the evidence at the hearing showed he has never desired to do so. (Exhibit B at 163). Even though he knew he was under investigation, this year, Mr. Siddiqi traveled to Pakistan twice and returned. *Id.* In March of this year he took his two youngest sons to Pakistan, and he again traveled to Pakistan in May. *Id.* Interestingly, the Government did not believe he was a flight risk on his most recent trip last month.  (Exhibit B at 160). Just days after he was indicted, the Government stood by and watched as Mr. Siddiqi boarded a plane, that they knew was going to Pakistan. *Id.* But the Government let him leave anyway. *Id.* Because the United States has been Mr. Siddiqi's home for the last 25 years, and the Government knew he would be coming back. *Id.*

As set forth above, Mr. Siddiqi has shown 25 years worth of evidence that demonstrates he would not flee if he were released. He would never leave behind his family, his friends, his business, or his home. Subsequently, the Order lacks any findings of fact showing that it is more likely than not that Mr. Siddiqi poses a flight risk. And finding a risk of flight without findings of fact substantiating such risk is clearly erroneous. *See United States v. Friedman*, 837 F.2d 48 (2nd Cir. 1988).

## B. Mr. Siddiqi Rebuts the Presumption of Danger

The finding that Mr. Siddiqi posed a risk of danger to the community was also not supported by the evidence. While Mr. Siddiqi has a criminal history, the last time he was charged with a misdemeanor was five years ago. (Exhibit B at 205). Contrary

to what is listed in the Pretrial Services Report, he has never been convicted of a felony. (Exhibit B at 178). Mr. Siddiqi has also complied with all prior court orders, has no history of bail jumping, and did not violate any terms of past probation. (Exhibit B at 205). All of the Government's current allegations are based on conduct which allegedly took place two years ago and one year ago. (Exhibit B at 173-74). However, even if the Court believed his past actions indicated dangerousness, that alone does not mean he is presently dangerous. *See United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) (holding that a court cannot rely on past indications of dangerousness alone). And as *United States v. Patriarca* held, the Defendant must pose an actual threat of danger; not just be dangerous in theory. 948 F.2d 789 (1st Cir. 1991).

Evidence that Mr. Siddiqi is not a dangerous man is also shown in the fact that no weapons were found during any of the searches of his home. (Exhibit B at 164). Mr. Siddiqi was cooperative and even considerate towards the officers throughout his entire investigation and at the time of his arrest. (Exhibit B at 164). His children also testified on his behalf that Mr. Siddiqi is not a dangerous man and poses no threat of danger to the community. (Exhibit B at 187, 198). Also, this investigation has been going on for four years, so if the Government previously thought he was dangerous they would have taken him off the streets then, but they never did. (Exhibit B at 206-07). If he was not dangerous then, there is no new evidence that shows he is dangerous

now. *Id.* Therefore, this Court should find that the presented evidence sufficiently rebuts the presumption that Mr. Siddiqi poses any sort of threat of danger to the community.

### C. There are Conditions of Release Which Will Reasonably Assure Mr. Siddiqi's Appearance in Court and the Safety of the Community

Should this Court order Mr. Siddiqi's release on bail, there are numerous conditions that this Court may impose to insure that he will not pose a risk of flight or danger. In considering whether or not there are conditions that will reasonably assure the appearance of the person and the safety of any other person in the community, the judicial officer may consider several factors outlined in U.S.C. § 3142(g)[1]. These factors need to be considered before detention is ordered. *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985). During the detention hearing, the prosecution did not shoulder its burden "to prove the absence of such conditions by a preponderance of the evidence." *United States v. Chimurenga*, 760 F.2d at 405. (emphasis added). No consideration was given to whether Mr. Siddiqi's appearance at trial could be reasonably assured by conditions of pretrial release. (*See* Exhibit B at 298).

---

[1] The court may consider (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the Defendant; (3) the history and characteristics of the Defendant; (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. 18 U.S.C. § 3142(g).

Subsequently, Mr. Siddiqi submits the following conditions for the Court to consider which would provide reasonable assurance that there is no risk of flight or danger: (1) house arrest; (2) GPS and other electronic monitoring with curfew; (3) pretrial service supervision with weekly reporting; (4) no contact with co-defendants; (5) restrict any visitation to just be with his lawyer; (6) possess no firearms, destructive devices or any dangerous weapons; or (7) no contact with co-defendants; and any other condition or combination of conditions that the Court deems appropriate. There are conditions available that can reasonably assure any of the Court's concerns; especially because the electronic monitoring requirement would "arguably" rebut any presumption that a defendant might flee. *See United States v. O'Brien*, 895 F.2d 810, 816 (1st Cir. 1990). The above conditions address the risk of flight and danger to the community, and compels the pretrial release of Mr. Siddiqi.

## D. <u>The Lengthy Pretrial Detention Violates Mr. Siddiqi's Due Process Rights</u>

Mr. Siddiqi's detention order should also be revoked because of the excessive length of time of his pretrial detention. Length of pretrial detention is a factor courts can consider in resolving motions to revoke detention orders. *See, e.g., United States v. El-Hage*, 213 F.3d 74, 79-80 (2d Cir. 2000). In *United States v. Hare*, it was an

abuse of discretion for the district court to fail to consider the length of time of a defendant's pretrial detainment in its analysis of whether defendant's due process rights had been violated. 873 F.2d 796 (5th Cir. 1989). Here, Magistrate Judge Stacy made no such consideration. (*See* Exhibit B at 298).

The potential length of this pretrial detention should have been considered, because this case arises from one indictment with sixteen defendants involving multiple counts.  There are four terabytes of evidence. (Exhibit B at 208). It has already been established that there will be an inordinate amount of pretrial delay – on June 8, 2016, the case was deemed as complex.

If Mr. Siddiqi remains incarcerated, it will be impossible to productively engage in any preparation for trial with his assistance. His confinement severely inhibits meaningful communication with his attorneys and the evaluation of the case discovery. Unless he is permitted to truly and meaningfully assist his counsel in the preparation of his defense, Mr. Siddiqi will not be able to obtain the due process to which he is constitutionally guaranteed. Mr. Siddiqi can be released from pretrial incarceration pursuant to strict conditions of release which will reasonably assure his appearance at trial and at the same time, will allow him to actually participate in his defense. Mr. Siddiqi's due process rights are potentially violated if conditions for release are not carefully considered.

## III.  <u>Conclusion</u>

Mr. Siddiqi respectfully requests this Court to revoke Magistrate Judge Stacy's detention order and set reasonable conditions for his release. Mr. Siddiqi's long-standing ties to the community provided enough evidence to rebut the presumption that he poses a risk of flight. Evidence was also sufficient to show that he has never been dangerous to the community, nor is there any reason to believe he ever would be. And in light of honoring Mr. Siddiqi's due process rights in avoiding lengthy pretrial detention, this Court can set conditions that would reasonably assure both Mr. Siddiqi's appearance in Court and the safety of the community.

Respectfully submitted,

/s/ Kent A. Schaffer
KENT A. SCHAFFER
Federal ID No. 3603
TBA No.  17724300
Emails: kentschaffer@gmail.com
TAMMY BUTLER KIDD
Federal ID No. 1420469
TBA No. 24012960
Email: Tammy@bsdlawfirm.com
712 Main Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 228-8500
Facsimile: (713) 228-0034

Attorneys for Defendant,
MUHAMMAD SHARIQ SIDDIQI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-16-170-4 |
| | § | |
| MUHAMMAD SHARIQ SIDDIQI | § | |

## CERTIFICATE OF CONFERENCE

On June 17, 2016, counsel for defendant conferred with Assistant United States Attorney John Jocher concerning his position on Muhammad Shariq Siddiqi's Motion for Revocation of Detention Order and to Set Conditions of Release, and Mr. Jocher advised that he is opposed to this motion.

/s/ Kent A. Schaffer
KENT A. SCHAFFER

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2016, I electronically filed the foregoing Motion for Revocation of Detention Order and to Set Conditions of Release with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered for CM/ECF.

/s/ Kent A. Schaffer
KENT A. SCHAFFER

15